# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD ALAN KERNAN, JR.,

                Plaintiff,

v.

KRISTINE KERIG, LANCE WIERSMA, NIEL THORESON, SHAQUILA SANDLIN, CRAIG POSSELT, JADA MILLER, KERRI OLSEN, LAJERRICA FOSTER, ROSS SEITZ, NICOLE WILLIAMS, and YVONNE GREEN,

                Defendants.

Case No. 24-CV-917-JPS

**ORDER**

Plaintiff Donald Alan Kernan, Jr., a prisoner proceeding pro se, filed a complaint in the above captioned action along with a motion to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF Nos. 1, 2. On April 11, 2025, the Court screened Plaintiff's amended complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 19. On April 28, 2025, Plaintiff filed a motion of an extension of time. ECF No. 20. On May 6, 2025, Plaintiff filed an amended complaint. ECF No. 21. The Court will deny as moot Plaintiff's motion for an extension of time. The remainder of this Order screens the amended complaint.

1.  **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted

by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.   **ANALYSIS**

Plaintiff alleges that Defendant Kristine Kerig ("Kerig) committed judicial misconduct in Plaintiff's revocation hearing on June 25, 2024. ECF No. 21 at 3. Defendant Kerri Olsen ("Olsen") had ex parte communications with Kerig and committed perjury while testifying. *Id.* at 4. Plaintiff and his attorney went into a private area to discuss the testimony. *Id.* At that time, Olsen spoke to Kerig and made assertions about Plaintiff. *Id.* The hearing continued, and Olsen became caught in lies and tried to recant her previous answers. *Id.*

Defendant Lance Wiersma ("Wiersma") turned a blind eye to the defendants' misconduct when he declined to stop the revocation or appeal once he discovered Plaintiff had done nothing wrong. *Id.* at 7. Defendant Neil Thoreson ("Thoreson") also turned a blind eye to misconduct when he told Plaintiff and Plaintiff's attorney in September 2022 that they would issue an "emergency interstate compact." *Id.* Instead of stopping the revocation, Thoresen was dismissive of Plaintiff's concerns and ignored him. *Id.* In September 2022, Thoreson agreed to issue Plaintiff an emergency interstate compact and directed Plaintiff to work with senior agent Jada Miller ("Miller"). *Id.* Plaintiff returned to Wisconsin, but no interstate compact was issued. *Id.*

Miller misused the revocation process to cover up a failure of her job duties. *Id.* Miller did not inform Illinois DOC that an apprehension request was issued. *Id.* Miller was assigned to Plaintiff from 2019 to 2023. *Id.* After Plaintiff completed the interstate compact process, Miller misplaced the $150.00 money order. *Id.* Plaintiff was apprehended and Miller told Plaintiff

to call upon release. *Id.* Instead of returning Plaintiff's calls, Miller issued another apprehension request. *Id.* Miller asked Plaintiff to refill out the forms and to provide another $150.00. *Id.* Plaintiff complied but Miller never processed the ICOTS transfer. *Id.* Instead, Miller requested another apprehension request. *Id.* Plaintiff successfully discharged from Illinois DOC. *Id.* Upon release, Plaintiff accepted a promotion and moved to Virginia. *Id.*

Defendant Shaquila Sandlin ("Sandlin") allowed Miller to push for revocation even though Plaintiff did not meet the revocation factors. *Id.* at 8. Sandlin supervised Miller and allowed three years of misconduct. *Id.* Defendant Lajerrica Foster ("Foster") was assigned to Plaintiff's case two hours before placing him in custody and was determined to revoke him. *Id.* Foster stated that Plaintiff could submit evidence to support a business relationship to get him released. *Id.* Plaintiff agreed to release all property to his father. *Id.* Plaintiff's father tried to obtain the property but was only given excuses that the property was either lost or that they did not have keys to the property. *Id.* As a result, Plaintiff's father was unable to retrieve the property prior to Foster's staff meeting with Posselt. *Id.* at 9. Foster received a statement that Lily Jackson was not defrauded and was fully refunded. *Id.* This statement was kept out of revocation exhibits and Foster served Plaintiff with revocation paperwork. *Id.* Posselt colluded with Waukesha County Sheriff Defendant Ross Seitz ("Seitz"). *Id.* Foster was removed from the case and later terminated. *Id.* Seitz withheld exonerating evidence for four months and attempted to guarantee Plaintiff's revocation. *Id.* Seitz chose not to submit exonerating evidence to stop Plaintiff's revocation. *Id.*

Defendant Nicole Williams ("Willims") evaded multiple subpoenas to appear at Plaintiff's renovation hearing. *Id.* In April 2024, Plaintiff was served with amended allegations that Plaintiff refused to give a statement. *Id.* Olsen could not say why Williams evaded the hearings. *Id.* Defendant Yvonne Green ("Greene") dismissed the opportunity to appeal Plaintiff's revocation. *Id.* On August 15, 2024, Greene replaced Olsen as the cover agent for Plaintiff's hearing. *Id.* at 10. After Plaintiff's revocation was finalized, Plaintiff wrote Greene to offer her a chance to appeal the decision. Greene escalated the matter to Thoreson, who told Plaintiff to take it up in court. *Id.*

3. ANALYSIS

Plaintiff's amended complaint again suffers from a lack of factual detail, and it largely makes only conclusory allegations about Defendants' wrongdoing. However, to the extent that the Court understands Plaintiff's allegations, Plaintiff seems to take issue with Defendants' actions that directly led to his revocation and reincarceration; these claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff filed his complaint under 42 U.S.C. § 1983. However, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481. As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at

486–87. This same bar applies unless a plaintiff's state court revocation proceeding has already been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (recovery in a federal challenge "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit.").

Here, Plaintiff appears to allege constitutional violations against Defendants that led to his revocation and incarceration. Since nothing in Plaintiff's pleadings suggests his conviction has been invalidated or called into question, his challenges to these proceedings are *Heck*-barred. The Court has given Plaintiff multiple opportunities to amend his complaint and finds that further amendment would be futile. As such, the Court will dismiss Plaintiff's amended complaint without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).

4. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 20, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** because it is *Heck*-barred.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.